R & M JEWELRY, LLC,
et al., Plaintiffs,

v.

MICHAEL ANTHONY JEWELERS,
INC., et al., Defendants.

No. 03 Civ. 1115(LTS)(RLE).

United States District Court,
S.D. New York.

April 19, 2004.

Joel E. Lutzker, Schulte, Roth & Zabel, L.L.P., New York City, for plaintiff.

Marilyn Neiman, Peter L. Berger, Levisohn, Berger & Langsam, L.L.P., Justine Clare Moran, Cooke & French, L.L.P., Thomas A. Catalano, Lester, Schwab, Katz & Dwyer L.L.P., Vincent P. Pozzuto, Cozen O'Connor, New York City, for defendants.

## MEMORANDUM OPINION & ORDER

ELLIS, United States Magistrate Judge.

The parties in this patent infringement action appeared before the Court on March 23, 2004, to discuss the status of discovery in the case. On that date, the time for completion of fact discovery was extended to June 30, 2004; plaintiffs' motions for leave to amend the complaint to join Eitan Weinberg and to add a claim against him were granted; and a conference was scheduled with the Court on June 2, 2004, at 10:30 a.m. As requested by the defendant, Michael Anthony Jewelers, Inc. ("Michael Anthony Jewelers"), the Court now provides a written discussion of its decision to grant leave to amend to add a defendant and a claim.

Plaintiffs R & M Jewelry, LLC and Avraham Moshe Rosenwasser (together, "R & M Jewelry") sought to amend the complaint to join Eitan Weinberg as a defendant, and to assert that Weinberg induced defendant Michael Anthony Jewelers to infringe a patent allegedly owned by R & M Jewelry. Memorandum of Law in Support of Plaintiffs' Motion to Join Eitan Weinberg as a Defendant in this Action and for Leave to Amend Complaint for Patent Infringement ("Pl.Mem.") at 2; Reply Brief in Support of Plaintiffs' Motion to Join Eitan Weinberg as a Defendant in this Action and for Leave to Amend Complaint for Patent Infringement ("Pl.

Repl."), Exh. 2 at 4–5. Michael Anthony Jewelers opposed the proposed amendments. *See* Declaration of Peter L. Berger, Esq. at 2. Because a responsive pleading had already been filed in this matter, R & M Jewelry was required to seek leave of the Court to amend its complaint. *See* Fed.R.Civ.P. 15(a); *see also* 4 James Wm. Moore, Moore's Federal Practice, § 20.02 (3d ed.1999).

Leave to amend is generally freely given under Federal Rule of Civil Procedure ("Rule") 15(a), in the absence of bad faith or prejudice to the nonmoving party. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993). The Court, however, may decline to permit an amendment if it would be futile. *See Beth Cline v. 1–888–Plumbing Group, Inc.*, 2000 WL 342689, *2, 2000 U.S. Dist. LEXIS 4038, *6–7 (S.D.N.Y. Mar. 30, 2000). The futility of an amendment is determined by whether it could survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), construing the amendment in the light most favorable to the plaintiffs. *Id.* To add a party, R & M Jewelry must also satisfy the requirements of Rule 20(a), which specifically addresses permissive joinder of parties. *See* Moore, § 20.02. Rule 20(a) permits the addition of a party if 1) the plaintiff asserts against the defendant any right of relief "arising out of the same transaction, occurrence, or series of transactions or occurrences," and if 2) common questions of law or fact will arise in the action. Fed. R.Civ.P. 20(a); *see also In re Reliance Group Holdings, Inc. Sec. Litig.*, 2003 WL 22741396, *1–2, 2003 U.S. Dist. LEXIS 20896, *7 (S.D.N.Y. Nov. 19, 2003).

In this case, there is no evidence of bad faith by R & M Jewelry in seeking to amend the complaint. In addition, there is no indication that the amendments at this date will prejudice Michael Anthony Jewelers, either by requiring significant additional resources or by significantly delaying the resolution of the matter. *See Block*, 988 F.2d at 350. Michael Anthony Jewelers alleges, however, that R & M Jewelry's claim against Weinberg is futile. Defendant Michael Anthony Jewelers, Inc.'s Memorandum of Law in Opposition to Plaintiffs' Motion to Add Eitan Weinberg as a Defendant and to Amend Their Complaint ("Def.Mem.") at 4. A claim for inducement of infringement requires that the patent holder allege 1) direct infringement of the patent and 2) proof of the defendant's actual intent to cause the acts that constitute the infringement. *See In re Omeprazole Patent Litig.*, 258 F.Supp.2d 221, 233 (S.D.N.Y.2001). Among other reasons, Michael Anthony Jewelers claims that there has been no infringement because R & M Jewelry does not own the patent in question, and that it has not sufficiently alleged that Weinberg possessed the requisite intent. *See* Def. Mem. at 6–7. R & M Jewelry's allegations in its proposed amended complaint does state its ownership over the disputed patent, however, and that "[o]n information and belief, Eitan Weinberg has knowingly induced" Michael Anthony Jewelers to infringe. Pl. Repl., Exh 2 at 4–5. Thus, when reviewed in the light most favorable to the plaintiffs, the Court cannot find that this claim is futile.

In further support of its application to add a party, R & M Jewelry asserts that its claim against Weinberg arises out of the same allegedly infringing manufacture and sale of jewelry as the claims against Michael Anthony Jewelers. Pl. Mem. at 5–6. R & M Jewelry also asserts that its claim involves common questions of law and fact. *Id.* at 5. In particular, R & M Jewelry points out that Michael Anthony Jewelers has asserted as an affirmative defense that it possesses the right to sell an allegedly infringing product because of its relationship with Weinberg, whom it claims is lawfully licensed to make and to sell that product. *See id.* at 2; Answer and Counterclaims and Jury Demand at 4. R & M Jewelry asserts that an adjudication of this defense requires an assessment of Weinberg's relationship to Michael Anthony Jewelers, which the defendant itself has placed at issue. Pl. Mem. at 6. In its oppositions papers, Michael Anthony Jewelers does not assert any grounds that contest the validity of the permissive joinder of Weinberg, apart from the futility argument addressed above. *See* Def. Mem. As a result, the Court grants R & M Jewelry's motions for leave to amend the complaint to add Weinberg as a

defendant and to add a claim of inducement to infringe.[1]

**1.** Because the Court reaches a result favoring the plaintiffs on permissive joinder grounds, it does not reach the plaintiffs' arguments for joinder of persons needed for just adjudication under Rule 19(a).